**Thimesch Law Offices**
TIMOTHY S. THIMESCH, Esq. (No. 148213)
GENE FARBER, Esq., Esq. (No. 44215) – Of Counsel
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
Direct: (925) 855-8235
Facsimile: (888) 210-8868
tim@thimeschlaw.com
genefarber@gmail.com

Attorneys for Plaintiff
HOLLYNN D'LIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL, | CASE NO. _____ |
| | Civil Rights |
| Plaintiff, | |
| v. | **COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES:** DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AND CALIFORNIA'S DISABLED RIGHTS STATUTES |
| FLOOD GARAGE; AMERICAN PARKING MANAGEMENT, INC.; PROPARK AMERICA WEST, INC.; PATRICIA NINO; LYNN WASSER; HARRIGAN, WEIDENMULLER, CO.; PATRICIA L. STEINER; PATRICIA L. STEINER TRUST; DOE TRUSTEES 1-25; and DOES 26-50, Inclusive, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | [Proper Intradistrict Assignment: San Francisco/Oakland] |
| _____ / | |

Plaintiff HOLLYNN D'LIL, on behalf of herself and all other similarly situated disabled persons, hereby complains of defendants FLOOD GARAGE; AMERICAN PARKING MANAGEMENT, INC., a California Corporation; PROPARK AMERICA WEST, INC. also dba Pro Park America; PATRICIA NINO; LYNN WASSER; HARRIGAN, WEIDENMULLER, CO., a California Corporation; PATRICIA L. STEINER; PATRICIA L. STEINER TRUST; DOE TRUSTEES 1-25 of the Patricia L. Steiner Trust; and DOES 26-50, Inclusive (hereafter "defendants"), and demands a trial by jury, and alleges as

Complaint for Injunctive Relief and Damages

1 follows:

2

3 **INTRODUCTION**

4    1.   Plaintiff HOLLYNN D'LIL is a person with physical

5 disabilities and utilizes a wheelchair for mobility.  She files

6 suit against the owners and operators of the Flood Garage at 261

7 Ellis Street, San Francisco.  Her goal in this suit is a

8 positive one: to increase the number of high-top-van parking

9 opportunities in the area for disabled persons.

10    2.   The configuration of the garage, its paths of

11 travel, its unloading zones, service counters, public restrooms,

12 parking stalls, and operational policies all deny basic access

13 to persons with disabilities.  The barriers include the absence

14 of a path of travel from valet and self-parking facilities to

15 the public sidewalk, including vertical access, the absence of

16 properly designated and designed unloading areas, the absence of

17 properly striped disabled accessible and van accessible parking

18 facilities, the inaccessible counters, and inaccessible public

19 restrooms.

20    3.   These and other facilities at the garage all fail

21 to provide the "full and equal" access required by Title III of

22 the Americans With Disabilities Act of 1990; the California

23 Disabled Rights Acts (sections 54 and 54.1ff Civil Code); and

24 Title 24 of the California Code of Regulations (now known as the

25 California Building Code).  As a result, plaintiff was denied,

26 and continues to be denied, access and/or is deterred from re-

27 visiting the garage, all in violation of her Civil Rights to

28 full and equal access, and is embarrassed, humiliated and upset,

1   all to her statutory and general damage.  Plaintiff seeks
2   injunctive and injunctive relief requiring provision of access
3   under the Americans With Disabilities Act of 1990 at section
4   308(a); injunctive relief for "full and equal access" under
5   California law; and statutory damages for plaintiff under
6   California law.

7

8   **JURISDICTION AND VENUE**

9        4.   This Court has jurisdiction of this action
10  pursuant to 28 U.S.C. 1331 for violations of the Americans with
11  Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*.  Pursuant to
12  pendant jurisdiction, attendant and related causes of action,
13  arising from the same facts, are also brought under California
14  law, including but not limited to violations of California
15  Health & Safety Code Sections 19955 *et seq*., including Section
16  19959; Title 24 California Code of Regulations; and California
17  Civil Code Sections 54 and 54.1 *et seq*.

18       5.   Venue is proper in this court pursuant to
19  28 U.S.C. 1391(b) and is founded on the fact that the real
20  property which is the subject of this action is located in this
21  district and that plaintiff's causes of action arose in this
22  district.

23       6.   **Intradistrict Jurisdiction.**  Under intradistrict
24  as the real property that is the subject of this action is
25  located in the San Francisco/Oakland intradistrict and
26  plaintiff's causes of action arose in the San Francisco/Oakland
27  intradistrict (a property located in San Francisco).

28  ////

**PARTIES**

7.   At all times relevant to this complaint, plaintiff qualified as a "person with a disability," as this term is used under California law and under federal laws including but not limited to Title III of the Americans With Disabilities Act of 1990.

8.   Plaintiff's physical condition and paralysis requires the use of a wheelchair for traveling about in public places.

9.   At all times relevant herein, defendants FLOOD GARAGE; AMERICAN PARKING MANAGEMENT, INC.; PROPARK AMERICA WEST, INC.; PATRICIA NINO; LYNN WASSER; HARRIGAN, WEIDENMULLER, CO.; PATRICIA L. STEINER; PATRICIA L. STEINER TRUST; DOE TRUSTEES 1-25; and DOES 26-50, Inclusive, were and/or are the controlling public entities, or the current, future or prospective owners and operators, lessors and/or lessees of public facilities, and subject to the requirements of California State law requiring full and equal access to public facilities pursuant to Sections 4450 et seq. Government Code; 19955 et seq. Health & Safety Code; Sections 51, 54, and 54.1, Civil Code; and subject to Title III of the Americans With Disabilities Act of 1990, and to all other legal requirements referred to in this complaint. Plaintiff does not know the relative responsibilities of defendants in the ownership, control, and operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such defendants.

10.   Plaintiff is informed and believes that each of the defendants herein, including DOES 1 through 50, inclusive,

1   is the joint authority, controlling interest, owner,

2   constructive owner, beneficial owner, trust, trustee, agent,

3   ostensible agent, alter ego, master, servant, employer,

4   employee, representative, franchiser, franchisee, joint

5   venturer, partner, associate, parent company, subsidiary, board,

6   commission, department, representative, or such similar

7   capacity, of each of the other defendants, and was at all times

8   acting and performing, or failing to act or perform, within the

9   course and scope of his, her or its authority as a joint

10  authority, constructive owner, beneficial owner, agent, trust,

11  trustee, ostensible agent, alter ego, master, servant, employer,

12  employee, representative, franchiser, franchisee, joint

13  venturer, partner, associate, parent company, subsidiary, board,

14  commission, department, representative, or such similar

15  capacity, and with the authorization, consent, permission or

16  ratification of each of the other defendants, and is responsible

17  in some manner for the acts and omissions of the other

18  defendants in proximately causing the violations and damages

19  complained of herein, and have approved or ratified each of the

20  acts or omissions of each other defendant, as herein described.

21  Plaintiff will seek leave to amend when the true names,

22  capacities, connections, and responsibilities of defendants

23  FLOOD GARAGE; AMERICAN PARKING MANAGEMENT, INC.; PROPARK AMERICA

24  WEST, INC.; PATRICIA NINO; LYNN WASSER; HARRIGAN, WEIDENMULLER,

25  CO.; PATRICIA L. STEINER; PATRICIA L. STEINER TRUST; DOE

26  TRUSTEES 1-25; and DOES 26-50, Inclusive, are ascertained.

27  ////

28

**FACTUAL ALLEGATIONS**

11.   The garage and its facilities, including its parking facilities, paths of travel, vertical means of access, unloading areas, service counters, public restrooms, and other facilities, are each a "public accommodation or facility" subject to the requirements of Government Code sections 4450 et seq., Health & Safety Code Section 19955 et seq., and of the California Civil Code sections 51, 54, 54.1, and 54.3.   On information and belief, each such facility has, since January 1, 1968, undergone unfinished "new construction," and/or "alterations, structural repairs, and additions," each of which has subjected the subject garage and its public facilities to state disabled access requirements per section 4456 Government Code, 19959 Health and Safety Code, and since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

12.   Plaintiff HolLynn D'Lil drives an high top, lift-equipped van. On or about July 20, 2008, she visited the Flood Garage in her van while downtown on her personal affairs.   Upon entering and seeking directions from the attendant, she discovered that the garage lacked any disabled accessible parking or self-parking for the disabled.   When she asked to park across two spaces to avoid being blocked out from reentering her vehicle by the prospect of another parked vehicle, she was informed that she would be charged more than the going rate for doing so, and that she would be required to leave her keys as a valet customer.

13.   Plaintiff seeks actual and deterrence damages. Plaintiff has had the garage inspected by her representatives,

and has confirmed that the barriers are pervasive and are encountered by similarly situated users with mobility disabilities throughout the garage, including the following major barriers:

(1) Failure to provide a safe and accessible path of travel and vertical means of access from the self-parking facilities to the main pedestrian entrance area.

(2) Failure to provide safe and accessible unloading area fully complying with the requirements of the code.

(3) Failure to provide safe and accessible disabled parking facilities fully complying with the requirements of the code.

(4) Failure to provide accessible service counter facilities.

(5) Failure to provide accessible public restroom facilities.

(6) Failure to modify, draft or implement policies, practices, and procedures, and provide adequate training and information to staff, so as to maintain accessible parking facilities and their availability, or otherwise provide access through reasonable alternative accommodations and methods.

14. On information and belief, defendants have failed to provide disabled wheelchair users with access to multiple other facilities on site, including the valet, rental and detail areas. The additional barriers that a disabled person in plaintiff's position would encounter on site cannot be

1  determined without a formal inspection by a professional
2  consultant with unfettered access to make observations and take
3  measurements.

4       15. Plaintiff has complained in writing to
5  defendants, and, on information and belief, defendants have
6  knowledge, or received notice, of plaintiff's complaints and
7  the inability of like persons to use facilities at the subject
8  garage. Despite knowledge of the access problems, and
9  complaints from other disabled patrons, and the passage of
10  extended time since plaintiff and other disabled persons first
11  provided notice of these deficiencies, defendants have failed
12  to investigate these problems, and have failed to take the
13  necessary action to provide legally required access features
14  to allow "full and equal" use of the premises by physically
15  disabled persons.

16       16. The removal of all such barriers was required
17  by Title III of the ADA, section 302 and/or section 303 of the
18  ADA, and California law.

19       17. Plaintiff would like to return and use the
20  facilities at the garage for her trips downtown, but is
21  prevented from doing so on a full and equal basis by the
22  barriers and discriminatory situation described herein.

23       18. On information and belief, as a result of all
24  defendants' above stated acts and omissions, plaintiff
25  suffered loss of her Civil Rights, suffered emotional damages
26  normally and naturally associated with denial of one's civil
27  rights and thereby being treated like a second class citizen,
28  all to her damage.

19. Moreover, plaintiff and other similarly situated disabled persons will continue to be damaged on a continuous basis as long as defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using subject garage, or would make the visit despite the obstacles to access they would have to encounter, and suffer additional discriminatory experiences.

20. Plaintiff has no adequate remedy at law as to the recurring damages facing her each time she returns to these inaccessible facilities. Unless the relief requested herein is granted, plaintiff and many other physically disabled persons will each suffer irreparable harm in that their fundamental right to accessible public facilities while patronizing the subject garage will be denied and abridged.

### FIRST CAUSE OF ACTION:

### VIOLATIONS OF TITLE III

### OF THE AMERICANS WITH DISABILITIES ACT OF 1990

### 42 USC §§ 12101ff

21. Plaintiff repleads and incorporates, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 20, above.

22. In 1990 the United States Congress made findings per 42 U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1    of discrimination against individuals with disabilities continue

2    to be a serious and pervasive social problem;" that "the

3    Nation's proper goals regarding individuals with disabilities

4    are to assure equality of opportunity, full participation,

5    independent living and economic self sufficiency for such

6    individuals;" and that "the continuing existence of unfair and

7    unnecessary discrimination and prejudice denies people with

8    disabilities the opportunity to compete on an equal basis and to

9    pursue those opportunities for which our free society is

10   justifiably famous..."

11           23.  Congress stated as its purpose in passing the

12   Americans with Disabilities Act (42 USC § 12101(b)):

13           It is the purpose of this act —

14              (1)  to provide a clear and comprehensive

15           national mandate for the elimination of

16           discrimination against individuals with

17           disabilities;

18              (2)  <u>to provide clear, strong, consistent,

19           enforceable standards</u> addressing discrimination

20           against individuals with disabilities;

21              (3) to ensure that the Federal government plays

22           a central role in enforcing the standards

23           established in this act on behalf of individuals

24           with disabilities; and

25              (4)  to invoke the sweep of Congressional

26           authority, including the power to enforce the 14th

27           Amendment and to regulate commerce, in order to

28           <u>address the major areas of discrimination faced day</u>

1   to day by people with disabilities.    (Emphasis

2   added)

3       24. As part of the Americans with Disabilities Act,

4   Public Law 101-336, (hereinafter the "ADA"), Congress passed

5   "Title III - Public Accommodations and Services Operated by

6   Private Entities" (42 U.S.C 12181ff).    Among the Act's "covered

7   entities" are "public accommodations," "rental facilities,"

8   "service establishments," and "commercial facilities."

9       25. Pursuant to Section 302 [42 U.S.C 12182], "[n]o

10  individual shall be discriminated against on the basis of

11  disability in the full and equal enjoyment of the goods,

12  services, facilities, privileges, advantages, or accommodations

13  of any place of public accommodation by any person who owns,

14  leases, or leases to, or operates a place of public

15  accommodation."

16      26. Among the general prohibitions of discrimination

17  included in Section 302(b)(1)(A) are the following:

18      § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. —

19      It shall be discriminatory to subject an individual

20      or class of individuals on the basis of a disability

21      or disabilities of such individual or class,

22      directly, or through contractual, licensing, or

23      other arrangements, to a denial of the opportunity

24      of the individual or class to participate in or

25      benefit from the goods, services, facilities,

26      privileges, advantages, or accommodations of an

27      entity."

28      § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL

1   BENEFIT — It shall be discriminatory to afford an
2   individual or class of individuals, on the basis of
3   a disability or disabilities of such individual or
4   class, directly, or through contractual, licensing,
5   or other arrangements with the opportunity to
6   participate in or benefit from a good, service,
7   facility, privilege, advantage, or accommodation
8   that is not equal to that afforded to other
9   individuals."

10   § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It
11   shall be discriminatory to provide an individual or
12   class of individuals, on the basis of a disability
13   or disabilities of such individual or class,
14   directly, or through contractual, licensing, or
15   other arrangements with a good, service, facility,
16   privilege, advantage, or accommodation that is
17   different or separate from that provided to other
18   individuals, unless such action is necessary to
19   provide the individual or class of individuals with
20   a good, service, facility, privilege, advantage, or
21   accommodation, or other opportunity that is as
22   effective as that provided to others."

23   27. The acts and omissions at defendant's garage, as
24   described herein, constitute "discrimination" in violation of
25   Section 302(b)(1)(A).

26   28. Among the specific prohibitions against
27   discrimination in the ADA include the following:

28   § 302(b)(2)(A)(ii): "A failure to make

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities..."

§ 302(b)(2)(A)(iii): "A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§ 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of defendants set forth herein were in violation of plaintiff's

1    rights under the ADA, Public Law 101-336, and the

2    regulations promulgated thereunder, 28 CFR Part

3    36ff.

4          29.  The facilities, acts and omissions at defendant's

5    garage, as described herein, constitute "discrimination" in

6    violation of Section 302(b)(2)(A).

7          30.  The removal of <u>each</u> of the barriers complained of

8    by plaintiff as hereinabove alleged (i.e., in paragraphs 12

9    through 14, above) were — at all times on or after January 26,

10   1992 — "readily achievable."

11         31.  Further, at all times herein mentioned,

12   modification of or removal of these barriers was "readily

13   achievable" under the factors specified in the Americans with

14   Disabilities Act of 1990, including but not limited to

15   section 301(9) [42 U.S.C. 12181], and the Regulations adopted

16   thereto.

17         32.  Further, if defendants are collectively able to

18   "demonstrate" that it was not "readily achievable" for

19   defendants to remove each of such barriers, defendants have

20   failed to make the required services available through

21   alternative methods which were readily achievable, as required

22   by Section 302 of the ADA [42 U.S.C. 12182], or through

23   reasonable modifications in policy, practices and procedures.

24         33.  "Discrimination" is further defined under

25   Section 303(a)(2) of the ADA, for a facility or part thereof

26   that was altered after the effective date of Section 303 of the

27   ADA in such a manner as to affect or that could affect the

28   usability of the facility or part thereof by persons with

1  disabilities, to include per Section 303(a)(2) [42 U.S.C.
2  12183], "a failure to make alterations in such a manner that, to
3  the maximum extent feasible, the altered portions of the
4  facility are readily accessible to and usable by individuals
5  with disabilities, including individuals who use wheelchairs."
6  Additionally, for alterations to areas of a facility involving a
7  "primary function," discrimination under the ADA, per Section
8  303(a)(2) (42 U.S.C. 12183), also includes the failure of an
9  entity "to make the alterations in such a manner that, to the
10 maximum extent feasible, the path of travel to the altered area
11 and the bathrooms, telephones, and drinking fountains serving
12 the altered area, are readily accessible to and usable by
13 individuals with disabilities."  On information and belief, the
14 subject building constitutes a "commercial facility," and
15 defendants have, since the date of enactment of the ADA,
16 performed alterations (including alterations to areas of primary
17 function) to the subject building and its facilities, public
18 accommodations, and commercial facilities, which fail to provide
19 facilities and paths of travel to such areas that are readily
20 accessible to and usable by individuals with disabilities, in
21 violation of Section 303(a)(2), and the regulations promulgated
22 thereunder, 28 CFR Part 36ff.

23       34.  Pursuant to the Americans with Disabilities Act,
24 42 USC 12188ff, Section 308, plaintiff is entitled to the
25 remedies and procedures set forth in Section 204, subsection
26 (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at
27 subsection (a)), as plaintiff is being subjected to
28 discrimination on the basis of disability in violation of this

1  title or has reasonable grounds for believing that she is about

2  to be subjected to discrimination in violation of Sections 302

3  and 303. On information and belief, defendants have continued

4  to violate the law and deny the rights of plaintiff and of other

5  disabled persons to access this public accommodation. Pursuant

6  to Section 308(a)(2), "[i]n cases of violations of

7  Section 302(b)(2)(A)(iv)... injunctive relief shall include an

8  order to alter facilities to make such facilities readily

9  accessible to and usable by individuals with disabilities to the

10 extent required by this title."

11     35. As a result of defendants' acts and omissions in

12 this regard, plaintiff has been required to incur legal expenses

13 and attorney fees, as provided by statute, in order to enforce

14 plaintiff's rights and to enforce provisions of the law

15 protecting access for disabled persons and prohibiting

16 discrimination against disabled persons. Plaintiff therefore

17 seeks recovery of all reasonable attorneys' fees, litigation

18 expenses (including expert fees) and costs, pursuant to the

19 provisions of Section 505 of the ADA (42 U.S.C. 12205) and the

20 Department of Justice's regulations for enforcement of Title III

21 of the ADA (28 CFR 36.505). Additionally, plaintiff's lawsuit

22 is intended not only to obtain compensation for damages to

23 plaintiff, but also to require the defendants to make their

24 facilities accessible to all disabled members of the public,

25 justifying "public interest" attorneys' fees pursuant to the

26 provisions of California Code of Civil Procedure Section 1021.5.

27     WHEREFORE, plaintiffs prays that this Court grant

28 relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**

**DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY**

**IN A PUBLIC FACILITY,**

**IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

36.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 35 of this complaint and incorporates them herein as if separately repled.

37.  Plaintiff Hollynn D'Lil, and other similarly situated physically disabled persons (whose physical conditions require the use of a wheelchair or other mobility device are unable to use public facilities at subject garage on a "full and equal" basis unless such facilities are brought into compliance with the provisions of California Health & Safety Code sections 19955 et seq.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of sections 19955 et seq. Health & Safety Code.

38.  Under section 54.1 Civil Code, persons with disabilities are entitled to "full and equal access" to public accommodations.  "Public accommodations" are further defined as a building, structure, facility complex, or improved area which is used by the general public and shall include parking lots, paths of travel, counters, and attendant facilities.

39.  Defendants participate in the operation of the subject public accommodation, subjecting the property and all such defendants to the requirements of California's Disabled Rights statutes.

40.  Health & Safety Code Section 19955 provides in

pertinent part:

(a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

41. Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

42. Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the subject building were constructed and/or altered after July 1, 1970, and portions of the subject building were structurally remodeled, altered and have undergone structural repairs or additions after July 1, 1970. Such construction required such building and its public accommodation facilities to be subject to the requirements of Part 5.5, Sections 19955, et seq., of the Health and Safety Code, which requires provision of access upon "alterations, structural

1  repairs or additions" per Section 19959 Health & Safety Code, or

2  upon a change of occupancy (a form of "alteration").

3     43. Multiple construction, alterations, structural

4  repairs and/or additions were completed on the subject garage

5  property after the January 1, 1968 effective date of Government

6  Code Sections 4450 et seq., and the July 1, 1970 effective date

7  of Health & Safety Code Section 19955-19959, legally requiring

8  that proper access for disabled persons be provided in each and

9  every regard complained of herein.

10     44. Construction or alteration at such facilities

11  also triggered access requirements pursuant to section 4456

12  Government Code and Title 24 of the California Code of

13  Regulations. Further, section 19955 Health & Safety Code also

14  requires that, "[w]hen sanitary facilities are made available

15  for the public, clients or employees in such accommodations or

16  facilities, they shall be made available for the physically

17  handicapped." Title 24, California Code of Regulations

18  (formerly known as the California Administrative Code and now

19  known as the California Building Code), was in effect at the

20  time of each alteration which, on information and belief,

21  occurred at such public facility since January 1, 1982, thus

22  requiring access complying with the specifications of Title 24

23  whenever each such "alteration, structural repair or addition"

24  is carried out. Title 24 imposes additional access requirements

25  with which defendants have not complied, including additional

26  requirements for accessible restrooms which serve the areas of

27  alteration.

28     45. As a result of the actions and failure to act of

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1   defendants and each of them, and as a result of the failure to

2   provide proper disabled accessible facilities as above

3   described, plaintiff Hollynn D'Lil was denied her Civil Rights,

4   including her right to full and equal access to public

5   facilities, was embarrassed, humiliated and upset in a manner

6   normally and naturally associated with denial of one's civil

7   rights, all to her general damages in an amount within the

8   jurisdiction of this Court.

9       46.  Plaintiff seeks ongoing damages on a per-incident

10  basis for each occasion of denial and/or basis.

11      47.  As a result of the defendants' continuing failure

12  to provide proper access for disabled persons to use the public

13  facilities, plaintiff and other, similarly-situated disabled

14  persons are being continually denied their rights to full and

15  equal access to subject garage and its attendant facilities.

16      48.  The acts and omissions of defendants as

17  complained of herein exist on a continuing basis and have the

18  effect of wrongfully excluding, and/or discriminating against,

19  plaintiff and other members of the public who are physically

20  disabled wheelchair users from full and equal access to the

21  public facilities involved.  Such acts and omissions continue to

22  treat them as inferior and a second class citizens and serve to

23  discriminate against their on the sole basis that they are

24  physically disabled and require the use of a wheelchair for

25  movement in public places, or require the use of disabled

26  accessible facilities such as handicap parking; plaintiff is

27  unable, so long as such acts and omissions of defendants

28  continue, to achieve full and equal access to these public

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

1   facilities.   The acts of defendants have proximately caused and

2   will continue to cause irreparable injury to plaintiff if not

3   enjoined by this court.

4       49.   WHEREFORE, plaintiff asks this court to

5   preliminarily and permanently enjoin any continuing refusal by

6   those defendants which currently own, operate or lease the

7   premises, or who control such premises as the operating public

8   entities, to grant such access to plaintiff and other similarly

9   situated persons, and to require such defendants to comply

10  forthwith with the applicable statutory requirements relating to

11  access for the disabled.   Such injunctive relief is provided by

12  section 19953 Health & Safety Code and California Civil Code

13  section 55.   Plaintiff further request that the court award

14  statutory attorneys' fees, litigation expenses and costs to

15  plaintiff pursuant to section 19953 Health & Safety Code, Civil

16  Code section 55, and Code of Civil Procedure section 1021.5, all

17  as hereinafter prayed for.

18

19                  **THIRD CAUSE OF ACTION:**

20       **VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

21              **(§§54, 54.1 and 55 CIVIL CODE)**

22       50.   Plaintiff repleads and incorporates by reference,

23  as if fully set forth again herein, the allegations contained in

24  paragraphs 1 through 49 of this complaint and incorporates them

25  herein as if separately repled.

26       51.   The aforementioned acts and omissions of

27  defendants and each of them constitute a denial of equal access

28  to and use and enjoyment of these facilities by persons with

1   disabilities, including plaintiff Hollynn D'Lil.  Said acts and

2   omissions are also in violation of provisions of Title 24 of the

3   California Administrative Code (later known as the California

4   Code of Regulations and the California Building Code.)

5        52.  On or about the above date complained of herein,

6   and on other occasions certain to occur thereafter, including

7   occasions of deterrence, plaintiff Hollynn D'Lil has and will

8   suffer violations of sections 54 and 54.1 Civil Code in that she

9   has and will be denied full and equal access to the subject

10  garage facilities on the basis that she is a physically disabled

11  person.

12       53.  Plaintiff is further informed and believes that

13  before and after such dates, the named defendants and each of

14  them were made aware orally, in writing, and through the media

15  and governmental sources of the inaccessibility of their public

16  facility/business to disabled persons, such as plaintiff, and

17  other persons with disabilities similarly situated, and of the

18  federal and state legal obligations of owners and operators of

19  public facilities to make their facilities accessible to

20  disabled persons.  Despite being informed of such effect on

21  disabled persons and the manner in which their practices and

22  lack of acceptable facilities were continuing to discriminate

23  against disabled persons on a continuous basis, said defendants

24  and each of them knowingly and willfully failed and refused to

25  take any steps to rectify this situation and to provide full and

26  equal access for disabled persons to each public facility

27  referred to herein.

28       54.  At all times since plaintiff's above specified

complaints, and on information and belief for periods prior to this date, defendants were on notice of the requirements of the law relating to provision for full and equal disabled access. Especially as defendants were on full notice, each incident that defendants deny or deter plaintiff's access constitutes a new and distinct violation of her right to full and equal access to this public facility, in violation of Sections 54 and 54.1, et seq. Civil Code.  In the event of a default judgment against any particular defendant, plaintiff will seek an injunction requiring provision of all access called for in this complaint, plus damages of $4,000 per incident of denial or deterrence as demonstrated at a prove-up hearing, plus reasonable attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into full compliance with state and federal access laws protecting the rights of the disabled, or, alternatively, until the date of entry of default.

55. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants and each of them in owning, operating, and maintaining this subject public facility, plaintiff Hollynn D'Lil suffered violations of her Civil Rights including but not limited to rights under sections 54 and 54.1 Civil Code, and suffered emotional distress, embarrassment, upset and humiliation normally and natural associated with denial of one's civil rights, all to her damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that she was physically disabled and unable, because of the architectural

1  barriers created by the defendants in violation of the subject

2  laws, to use the public facilities on a full and equal basis as

3  other persons.

4      56.  Plaintiff seeks ongoing damages on a per-incident

5  basis for each occasion of denial and/or basis.

6      57.  Subject to the terms of the preceding paragraph,

7  plaintiff also seeks damages against all defendants for the

8  violation of her rights as a person with a disability during her

9  patronage at the subject garage, and, on information and belief,

10 on occasions of deterrence or denial that are likely to occur

11 thereafter, according to proof, pursuant to section 54.3 Civil

12 Code, including a trebling of all statutory and actual damages,

13 general and special, available pursuant to section 54.3 Civil

14 Code.  Plaintiff also seeks such damages for such defendants'

15 continuing maintenance of such facilities in an inaccessible

16 condition.  Plaintiff also seeks injunctive relief against all

17 defendants pursuant to section 55 Civil Code, requiring

18 defendants to make their facilities accessible to disabled

19 persons in each of the respects complained of herein.

20     58.  As a result of defendants' acts and omissions in

21 this regard, plaintiff HOLLYNN D'LIL has been required to incur

22 legal expenses and hire an attorney in order to enforce

23 plaintiff's rights and enforce provisions of the law protecting

24 access for persons with disabilities and prohibiting

25 discrimination against persons with disabilities.  Plaintiff

26 therefore seeks recovery in this lawsuit for all reasonable

27 attorneys' fees and costs incurred pursuant to the provisions of

28 sections 54.3 and 55 Civil Code.  Additionally, plaintiff's

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                                    — 24 —

1   lawsuit is intended not only to obtain compensation for damages

2   to plaintiff, but also to require the defendants to make their

3   facilities accessible to all disabled members of the public,

4   conferring a significant public benefit, and justifying

5   attorneys' fees, litigation expenses and costs pursuant to the

6   provisions of section 1021.5 Code of Civil Procedure.

7          WHEREFORE, plaintiff prays for damages and declaratory

8   and injunctive relief as hereinafter stated.

9

10                    **FOURTH CAUSE OF ACTION:**

11   **DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLES III**

12            **OF THE AMERICANS WITH DISABILITIES ACT**

13            **UNDER CALIFORNIA'S DISABLED RIGHTS ACT**

14          59.  Plaintiff repleads and incorporates by reference,

15   as if fully set forth again herein, the allegations contained in

16   paragraphs 1 through 58 of this complaint and incorporates them

17   herein as if separately repled.

18          60.  Each violation of the Americans With Disabilities

19   Act of 1990, as complained of in the First Cause of Action

20   hereinabove (the contents of which is incorporated herein as if

21   separately repled in full hereafter), is also a violation of

22   section 54(c) and section 54.1(d) California Civil Code, further

23   and independently justifying damages, injunctive and other

24   statutory relief per section 54.3 and 55 California Civil Code.

25          61.  As previously pled, plaintiff seeks damages on a

26   per incident basis from her aforementioned visit and continuing

27   thereafter.

28          62.  Plaintiff has no adequate remedy at law, and

1   unless the relief requested herein is granted, plaintiff will

2   suffer irreparable harm in that they will continue to be

3   discriminated against and denied access to the specified public

4   facilities.   Because plaintiff seeks improvement of access for

5   persons with disabilities, which will benefit a significant

6   portion of the public, plaintiff seeks attorneys' fees pursuant

7   to section 1021.5 California Code of Civil Procedure, section

8   54.3 and 55 Civil Code; and 19953 Health & Safety Code.

9        WHEREFORE, plaintiff prays for relief as hereinafter

10  stated.

11

12               **FIFTH CAUSE OF ACTION:**

13  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

14            **FOR VIOLATION OF TITLE III OF THE**

15            **AMERICANS WITH DISABILITIES ACT**

16        63.   Plaintiff repleads and incorporates by reference,

17  as if fully set forth again herein, the allegations contained in

18  Paragraphs 1 through 62 of this complaint and incorporates them

19  herein as if separately repled.

20        64.   Each violation of the Americans With Disabilities

21  Act of 1990, as complained of in the First Cause of Action

22  hereinabove (the contents of which is hereby incorporated herein

23  as if separately repled in full hereafter), is also a violation

24  of section 51(f) of the Unruh Civil Rights Act, further and

25  independently justifying damages of $4,000 per offense,

26  injunctive relief, and other statutory relief, all as previously

27  pled, per sections 52 and common law decision.

28        65.   As previously pled, plaintiff seeks damages on a

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA 94597
(925) 588-0401

Complaint for Injunctive Relief and Damages            — 26 —

1   per incident basis from her aforementioned visit and continuing

2   thereafter.

3        66. As a result of defendants' acts and omissions in

4   this regard, plaintiff has been required to incur legal expenses

5   and attorney fees, as provided by statute, in order to enforce

6   plaintiff's rights and to enforce provisions of the law

7   protecting access for disabled persons and prohibiting

8   discrimination against disabled persons. Plaintiff therefore

9   seeks recovery of all reasonable attorneys' fees, litigation

10   expenses (including expert fees) and costs, pursuant to the

11   provisions of Section 52 of the Civil Code. Because plaintiff

12   seeks improvement of access for persons with disabilities, which

13   will benefit a significant portion of the public, plaintiff

14   seeks attorneys' fees pursuant to section 1021.5 California Code

15   of Civil Procedure, section 55 Civil Code; and 19953 Health &

16   Safety Code.

17

18                 **SIXTH CAUSE OF ACTION**

19                 **(Declaratory Relief)**

20        67. Plaintiff repleads and incorporates by reference,

21   as if fully set forth again herein, the allegations contained in

22   Paragraphs 1 through 65 of this complaint and incorporates them

23   herein as if separately repled.

24        68. A present and actual controversy exists among the

25   respective rights and obligations of plaintiff and defendants,

26   and separately, as to the obligations that have been impressed by

27   the aforementioned statutes against the garage property

28   irrespective of past or future ownership. Plaintiff requests a

1  judicial determination of her rights and such obligations in a
2  declaration, and also as to whether and to what extent
3  defendants' conduct and the current configuration of the property
4  violates applicable law.

5      69. Such a declaration is necessary and appropriate at
6  this time in order that plaintiff may ascertain her rights. Such
7  declaration is further necessary and appropriate to prevent
8  further harm or infringement of Plaintiff's Civil Rights.

9      Wherefore, plaintiff prays the court grant relief as
10 requested hereinbelow.

11

12         **PRAYER FOR RELIEF**

13     Plaintiff prays that this Court award damages and
14 provide relief as follows:

15     1. Grant injunctive relief requiring that those of
16 the defendants which currently own, operate, control or lease
17 the subject premises, repair the premises and render them safe
18 to disabled persons, and modify their policies and procedures,
19 and otherwise provide "full and equal access" to the public
20 areas herein complained of, and make such facilities "readily
21 accessible to and usable by individuals with disabilities,"
22 according to the standards of sections 51, 54 and 54.1 et seq.
23 of the California Civil Code; Title 24 of the California
24 Administrative Code; Sections 19955-19959 of the Health & Safety
25 Code; Sections 4450-4456 of the California Government Code;
26 Title III of the Americans With Disabilities Act of 1990; the
27 Americans With Disabilities Act Access Guidelines; and provide
28 full and equal access to physically disabled persons, including

1   plaintiff, in all manners required by such statutes and

2   government regulations;

3         2.   Retain jurisdiction over the defendants until

4   such time as the Court is satisfied that defendants' unlawful

5   policies, practices, acts and omissions, and provision of

6   discriminatory, separate and unequal benefits, as complained of

7   herein, no longer exist, and will not recur;

8         3.   Issue a declaratory judgment that defendants'

9   actions and omissions, and failures, including to modify the

10  premises in compliance with the law, and to make reasonable

11  accommodations and reasonable modifications for plaintiff and

12  other similarly situated disabled persons violates the rights

13  plaintiff and other similarly situated persons rights under the

14  Health & Safety Code Sections 19955-19959; Government Code

15  Sections 4450-4455; Civil Code Sections 51, 54, and 54.1 et

16  seq.; Americans With Disabilities Act of 1990, 42 U.S.C.

17  sections 12101, et seq., and the regulations promulgated

18  thereunder.

19        4.   Issue a declaratory judgment regarding the

20  obligations impressed by law against the garage, and declaring

21  that plaintiff is entitled to disabled accessible and usable

22  subject garage facilities including its parking facilities,

23  paths of travel, and counter facilities, and other facilities,

24  so that they may make use of the public facilities and

25  participate in the activities offered by defendants without

26  suffering discrimination or impediment on the basis of her

27  disability;

28        5.   An award of statutory and "actual" damages

1   against all defendants, including general damages and special

2   damages, according to proof, against such defendants pursuant to

3   sections 52 and 54.3 Civil Code, and that these damages be

4   trebled;

5       6.   Award prejudgment interest on all compensatory

6   damages;

7       7.   Award all costs of this proceeding and all

8   reasonable attorneys' fees, litigation expenses and costs as

9   provided by law, including but not limited to those recoverable

10  pursuant to the provisions of sections 54.3 and 55 Civil Code,

11  section 1021.5 Code of Civil Procedure, section 19953 Health &

12  Safety Code, and section 505 of the Americans With Disabilities

13  Act; and

14      8.   Grant such other and further relief as this Court

15  may deem just and equitable.

16

17  Dated: September 15, 2008     THIMESCH LAW OFFICES
                                  TIMOTHY S. THIMESCH
18

19

20  _____
                                  Attorneys for Plaintiff
21                                HOLLYNN D'LIL

22                  **DEMAND FOR JURY TRIAL**

23      Plaintiff demands a jury on all claims for which a

24  jury is permitted.

25

26  Dated: September 15, 2008

27  _____
                                  Attorneys for Plaintiff
28                                HOLLYNN D'LIL