Thomas P. Gmelich, Esq., SBN 166562
Lena J. Marderosian, Esq., SBN 102782
G. Dean Guerrero, Esq. SBN 228625
BRADLEY & GMELICH
700 N. Brand Boulevard, 10th Floor
Glendale, CA 91203-1422
Telephone:  (818) 243-5200
Facsimile:   (818) 243-5266

Attorneys for Defendant, PROPARK AMERICA WEST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>             Plaintiff,<br><br>       vs.<br><br>FLOOD GARAGE; AMERICAN PARKING MANAGEMENT, INC.; PATRICIA NINO; LYNN WASSER; HARRIGAN, WEIDENMULLER, CO.; PATRICIA L. STEINER; PATRICIA L. STEINER TRUST; DOE TRUSTEES 1-25; and DOES 26-50, Inclusive,<br><br>             Defendants. | CASE NO. C 08 4587MEJ<br>Civil Rights<br><br>ANSWER OF DEFENDANT, PROPARK AMERICA WEST, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL |

COMES NOW the defendant, PROPARK AMERICA WEST, LLC hereinafter "Defendant") and answers the Complaint of Plaintiff HOLLYNN D'LIL (hereinafter "Plaintiff") for itself alone and for no other Defendants as follows:

1.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 1; therefore Defendant denies the allegations.

2.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 2; therefore Defendant denies the allegations.

3.     Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 3; therefore Defendant denies the allegations.

-1-

-2-

4. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 4; therefore Defendant denies the allegations.

5. Defendant admits the allegations contained in Paragraph No. 5.

6. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 6; therefore Defendant denies the allegations.

7. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 7; therefore Defendant denies the allegations.

8. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 8; therefore Defendant denies the allegations.

9. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 9; therefore Defendant denies the allegations.

10. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 10; therefore Defendant denies the allegations.

11. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 11; therefore Defendant denies the allegations.

12. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 12; therefore Defendant denies the allegations.

13. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 13; therefore Defendant denies the allegations.

14. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 14; therefore Defendant denies the allegations.

15. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 15; therefore Defendant denies the allegations.

16. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 16; therefore Defendant denies the allegations.

17. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 17; therefore Defendant denies the allegations.

18. Defendant has insufficient information to admit or deny the allegations

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1   contained in Paragraph No. 18; therefore Defendant denies the allegations.

2       19.    Defendant has insufficient information to admit or deny the allegations
3   contained in Paragraph No. 19; therefore Defendant denies the allegations.

4       20.    Defendant has insufficient information to admit or deny the allegations
5   contained in Paragraph No. 20; therefore Defendant denies the allegations.

6       21.    Defendant has insufficient information to admit or deny the allegations
7   contained in Paragraph No. 21; therefore Defendant denies the allegations.

8       22.    Defendant has insufficient information to admit or deny the allegations
9   contained in Paragraph No. 22; therefore Defendant denies the allegations.

10      23.    Defendant admits that the language contained in Paragraph 23 is a
11  verbatim citation of 42 USC §12101(b).

12      24.    Defendant has insufficient information to admit or deny the allegations
13  contained in Paragraph No. 24; therefore Defendant denies the allegations.

14      25.    Defendant admits that the language contained in Paragraph 24 is a
15  verbatim citation of 42 USC §12182(a).

16      26.    Defendant admits that the language contained in Paragraph 26 is a
17  verbatim citation of 42 USC §12182(b)(1)(A)(i), (ii), (iii).

18      27.    Defendant has insufficient information to admit or deny the allegations
19  contained in Paragraph No. 27; therefore Defendant denies the allegations.

20      28.    Defendant admits that the language contained in Paragraph 28 is a
21  partial citation of 42 USC §12182(b)(2)(A)(ii), (iii), (iv), (v). Defendant has
22  insufficient information to admit or deny the balance of the allegations contained in
23  Paragraph No. 28; therefore Defendant denies the allegations.

24      29.    Defendant has insufficient information to admit or deny the allegations
25  contained in Paragraph No. 29; therefore Defendant denies the allegations.

26      30.    Defendant has insufficient information to admit or deny the allegations
27  contained in Paragraph No. 30; therefore Defendant denies the allegations.

28      31.    Defendant has insufficient information to admit or deny the allegations

Bradley & Gmelich

1 contained in Paragraph No. 31; therefore Defendant denies the allegations.

  32. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 32; therefore Defendant denies the allegations.

  33. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 33; therefore Defendant denies the allegations.

  34. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 34; therefore Defendant denies the allegations.

  35. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 35; therefore Defendant denies the allegations.

  36. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 36; therefore Defendant denies the allegations.

  37. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 37; therefore Defendant denies the allegations.

  38. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 38; therefore Defendant denies the allegations.

  39. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 39; therefore Defendant denies the allegations.

  40. Defendant admits that the language contained in Paragraph 40 is a partial citation of Health and Safety Code §19955(a).

  41. Defendant admits that the language contained in Paragraph 41 is a partial citation of Health and Safety Code §19956.

  42. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 42; therefore Defendant denies the allegations.

  43. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 43; therefore Defendant denies the allegations.

  44. Defendant has insufficient information to admit or deny the allegations contained in Paragraph No. 44; therefore Defendant denies the allegations.

  45. Defendant has insufficient information to admit or deny the allegations

1  contained in Paragraph No. 45; therefore Defendant denies the allegations.

2  46. Defendant has insufficient information to admit or deny the allegations
3  contained in Paragraph No. 46; therefore Defendant denies the allegations.

4  47. Defendant has insufficient information to admit or deny the allegations
5  contained in Paragraph No. 47; therefore Defendant denies the allegations.

6  48. Defendant has insufficient information to admit or deny the allegations
7  contained in Paragraph No. 48; therefore Defendant denies the allegations.

8  49. Defendant has insufficient information to admit or deny the allegations
9  contained in Paragraph No. 49; therefore Defendant denies the allegations.

10  50. Defendant has insufficient information to admit or deny the allegations
11  contained in Paragraph No. 50; therefore Defendant denies the allegations.

12  51. Defendant has insufficient information to admit or deny the allegations
13  contained in Paragraph No. 51; therefore Defendant denies the allegations.

14  52. Defendant has insufficient information to admit or deny the allegations
15  contained in Paragraph No. 52; therefore Defendant denies the allegations.

16  53. Defendant has insufficient information to admit or deny the allegations
17  contained in Paragraph No. 53; therefore Defendant denies the allegations.

18  54. Defendant has insufficient information to admit or deny the allegations
19  contained in Paragraph No. 54; therefore Defendant denies the allegations.

20  55. Defendant has insufficient information to admit or deny the allegations
21  contained in Paragraph No. 55; therefore Defendant denies the allegations.

22  56. Defendant has insufficient information to admit or deny the allegations
23  contained in Paragraph No. 56; therefore Defendant denies the allegations.

24  57. Defendant has insufficient information to admit or deny the allegations
25  contained in Paragraph No. 57; therefore Defendant denies the allegations.

26  58. Defendant has insufficient information to admit or deny the allegations
27  contained in Paragraph No. 58; therefore Defendant denies the allegations.

28  59. Defendant has insufficient information to admit or deny the allegations

1  contained in Paragraph No. 59; therefore Defendant denies the allegations.

2  60.  Defendant has insufficient information to admit or deny the allegations
3  contained in Paragraph No. 60; therefore Defendant denies the allegations.

4  61.  Defendant has insufficient information to admit or deny the allegations
5  contained in Paragraph No. 61; therefore Defendant denies the allegations.

6  62.  Defendant has insufficient information to admit or deny the allegations
7  contained in Paragraph No. 62; therefore Defendant denies the allegations.

8  63.  Defendant has insufficient information to admit or deny the allegations
9  contained in Paragraph No. 63; therefore Defendant denies the allegations.

10  64.  Defendant has insufficient information to admit or deny the allegations
11  contained in Paragraph No. 64; therefore Defendant denies the allegations.

12  65.  Defendant has insufficient information to admit or deny the allegations
13  contained in Paragraph No. 65; therefore Defendant denies the allegations.

14  66.  Defendant has insufficient information to admit or deny the allegations
15  contained in Paragraph No. 66; therefore Defendant denies the allegations.

16  67.  Defendant has insufficient information to admit or deny the allegations
17  contained in Paragraph No. 67; therefore Defendant denies the allegations.

18  68.  Defendant has insufficient information to admit or deny the allegations
19  contained in Paragraph No. 68; therefore Defendant denies the allegations.

20  69.  Defendant has insufficient information to admit or deny the allegations
21  contained in Paragraph No. 69; therefore Defendant denies the allegations.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.  The Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this answering Defendant.

\\\

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

2. Based on Defendant's information and belief, Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize damages, if any, and as a consequence she may not recover for losses which could have been prevented by reasonable efforts on her part. Therefore, recovery by Plaintiff, if any, should be reduced by Plaintiff's failure to mitigate her own damages.

## THIRD AFFIRMATIVE DEFENSE

(Defendant Is Not a "Business Establishment")

3. This answering Defendant is not a "business establishment" pursuant to *California Civil Code* §51.5 and therefore, is not subject to the Unruh Civil Rights Act.

## FOURTH AFFIRMATIVE DEFENSE

(The Premises Is In Compliance With All Applicable Laws)

4. With respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, the premises located at 261 Ellis Street, San Francisco, CA is in substantial, if not full, compliance with the requirements set forth in the ADA and California's Title 24 for existing facilities. Plaintiff is therefore not entitled to any damages.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5. Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's remedies are barred by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Equal Access)

6. Defendant has modified its policies, practices and procedures as required by the ADA to afford individuals with a disability full and equal access to

the goods, services, facilities, privileges, advantages and accommodations offered by the premises located at 261 Ellis Street, San Francisco, CA.

## SEVENTH AFFIRMATIVE DEFENSE

(Alternative Methods)

7. Defendant has alternative methods of complying with the ADA, thereby providing full and equal access for individuals with a disability to the goods, services, facilities, privileges, advantages and accommodations offered at the premises located at 261 Ellis Street, San Francisco, CA.

## EIGHTH AFFIRMATIVE DEFENSE

(Defendant Is In Compliance With California Civil Code §§ 51, 52 and 54.1)

8. With respect to the alleged inaccessible conditions mentioned in Plaintiff's Complaint, Defendant is in complete compliance with California Civil Code §§ 51, 52 and 54.1.

## NINTH AFFIRMATIVE DEFENSE

(Civil Penalty)

9. The Complaint herein fails to allege facts sufficient to state a claim for the recovery of any civil penalty from Defendant, and the imposition of such a penalty would violate the constitutional rights of all Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations, Doctrine of Laches)

10. Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's Complaint is barred by the statute of limitations and doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

(Alleged Actions were not Intentional)

11. The discriminatory actions alleged by Plaintiff were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

\\\

## TWELFTH AFFIRMATIVE DEFENSE

(Intervening Acts)

12. Defendant is informed and believes, and thereon allege, that the injuries and damages of which Plaintiff complains, and for which Plaintiff seeks recovery, if any, were the result of causes independent of any purported acts or omissions on the part of Defendant, which causes operated as intervening and superseding causes, thereby cutting off any liability on the part of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Comparative Fault)

13. Defendant is informed and believes, and thereon alleges, that to the extent that any damage sustained by Plaintiff, or any other person, was proximately caused by Plaintiff or any other party's failure to mitigate damages by failing to exercise reasonable care in preventing such damage, Plaintiff is barred from recovering of such damages against Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14. As to each alleged cause of action, some or all of the claims for damages in the Complaint are barred in that Plaintiff has waived those claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Readily Achievable)

15. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, is not readily achievable.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Structurally Impracticable)

16. Some or all of the claims in the Complaint are barred because the removal of physical barriers, if any exist, would be structurally impracticable.

\\\
\\\

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Mootness)

17. Some or all of the claims in the Complaint are moot in that Defendant is and/or has been in compliance with the laws, statutes, and regulations governing treatment of individuals with physical limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

18. No act or omission of Defendant was the cause of Plaintiff's damages, if any. In the alternative, Plaintiff's alleged damages, if any, were proximately caused by the conduct of persons or entities other than Defendant. Plaintiff's damages, if any, must be reduced in proportion to the amount attributable to the conduct of persons or entities other than Defendant up to and including 100 percent.

## NINETEENTH AFFIRMATIVE DEFENSE

(Not Entitled to Attorneys' Fees)

19. The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

## TWENTIETH AFFIRMATIVE DEFENSE

(Estoppel)

20. Defendant is informed and believes, and based thereon alleges, that Plaintiff is estopped from asserting the claims contained in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Lack of Notice)

21. Defendant alleges that Plaintiff failed to give timely notice, if any, of her claim and Defendant has been substantially prejudiced thereby.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Claims Premature)

22. Defendant alleges that the Complaint, and every claim asserted therein, is premature.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

23. Defendant alleges that the Court has no subject matter jurisdiction over the claims alleged in the Complaint because, among other things, Defendant is informed and believes that Plaintiff is not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and she is not an aggrieved person under the Americans With Disabilities Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing)

24. Defendant alleges that Plaintiff has no standing to assert the claims alleged in the Complaint because, among other things, Defendant is informed and believes that Plaintiff is not within the class that the Americans With Disabilities Act was intended to protect from unlawful discrimination on the basis of disability and she is not an aggrieved person under the Americans With Disabilities Act nor any other law similar to or authorizing suits under the Americans With Disabilities Acts.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Modification of Building Required)

25. Defendant alleges that at all times mentioned in Plaintiff's Complaint, that admittance of Plaintiff to the subject building would require construction, alteration, or structural modification of the subject building.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Alterations Triggering Access Requirements)

26. Defendant alleges that Defendant has not carried out any construction alterations to the subject property which would trigger access requirements under Federal or State law.

\\\

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Access Requirements Not Readily Achievable)

27. Defendant alleges that the access requirements sought in Plaintiff's Complaint are not reasonably or readily achievable.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Corporate Authorization, Knowledge or Ratification)

28. Defendant alleges that Plaintiff is not entitled to recover punitive damages against Defendant because Defendant did not authorize, have advance knowledge of, or ratify in any way the acts and/or omissions alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Undue Hardship)

29. Defendant is informed and believes and thereon alleges that, as to each alleged cause of action, Plaintiff's Complaint is barred as the requested relief would constitute an undue hardship on Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

30. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unknown affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

DATED: November 3, 2008

BRADLEY & GMELICH

By: _____
Thomas P. Gmelich
Lena J. Marderosian
G. Dean Guerrero

Attorneys for Defendant, PROPARK AMERICA WEST, LLC

-12-

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Defendant, PROPARK AMERICA WEST, LLC, demands a trial by jury in the above captioned matter.

DATED: November 3, 2008

BRADLEY & GMELICH

By: _____
Thomas P. Gmelich
Lena J. Marderosian
G. Dean Guerrero

Attorneys for Defendant, PROPARK AMERICA WEST, LLC

ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 700 N. Brand Boulevard, 10th Floor, Glendale, California 91203.

On November 4, 2008, I served the foregoing document, described as "ANSWER OF DEFENDANT, PROPARK AMERICA WEST, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL" on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Timothy S. Thimesch, Esq.
Gene Farber, Esq.
Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, California 94576-3452
(925) 588-0401; Fax (888) 210-8868
*(Attorneys for Plaintiff, HOLLYNN D'LIL)*

__X__ **(BY MAIL)** As follows:

___ I placed such envelope with postage thereon prepaid in the United States mail at Glendale, California.

__X__ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

___ **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above and the transmission was reported as complete and without error.

___ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this November 4, 2008, at Glendale, California.

_____
Tish Garcia

BRADLEY & GMELICH

- 14 -
PROOF OF SERVICE